UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DALE P. DAVIS,

        Plaintiff,

v.

BRENDA POWERS, *et al.*,

        Defendants.

Case No. C08-5751 FDB/KLS

ORDER TO AMEND OR SHOW CAUSE

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff Dale P. Davis is a resident at the Special Commitment Center (SCC), is proceeding *pro se,* and has paid the full filing fee in this action. Dkt. # 1.

**I. BACKGROUND**

Presently before this Court for review is Mr. Davis' complaint in which he asserts claims against Brenda Powers, Cathi Harris and James Anderson, employees of the Department of Social Health Services at SCC. Dkt. # 1. Mr. Davis alleges that these Defendants have violated and conspired to violate his Fourth, Fifth, Eighth and Fourteenth Amendments of the federal Constitution. Mr. Davis also alleges that these Defendants are liable for the state tort of outrage.

ORDER - 1

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted. *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)); *see also Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (court may *sua sponte* invoke Fed. R. Civ. P. 12(b)(6) to dismiss deficient complaint); *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

The Court must give the plaintiff both "notice of its intention to dismiss" and "some opportunity to respond," however, unless plaintiff "cannot possibly win relief." *Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362)). Accordingly, while the Court finds that dismissal of Mr. Davis' complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the Court is issuing this order to show cause in order to give Mr. Davis an opportunity to file a response.

## II. DISCUSSION

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

ORDER - 2

Mr. Davis alleges that Defendants Powers, Harris and Anderson conspired to deprive him of the use of a television, in violation of the Fourth, Eight and Fourteenth Amendments to the United States Constitution. Dkt. # 1, p. 5. In particular, Mr. Davis alleges that the model of television (Sylvania 15 inch LCD HDTV, Model # LCI55SL8P, Price $219.98) he ordered was preapproved by authorities at the SCC (pursuant to a memorandum posted on all units at SCC), that his request for funds for the purchase of the television was approved by authorities at the SCC, and that the vendor, Amazon.com, from whom his mother ordered the television for him, was preapproved by authorities at SCC. *Id*. pp. 6-7. When his mother logged on to Amazon.com to order the television, she was automatically re-routed to Circuit City for the purchase, where she ordered it and had it shipped to him. *Id*., p. 7. When the television arrived at the SCC, Defendant Powers advised Mr. Davis that the television would have to be sent back because Circuit City was not an SCC approved vendor. *Id*. Defendant Anderson denied Mr. Davis' request to keep the television and informed him to send it back pursuant to Defendant Powers' instructions. *Id*., pp. 7-8.

Mr. Davis' mother has confirmed with someone at Amazon.com that whenever they are out of an item, they automatically send the customer to a place where Amazon obtains the overstock merchandise. *Id*., p. 8. Despite being given this information, Defendant Powers refused to allow Mr. Davis to retain the television. *Id*. p. 8.

In February 2007, Mr. Davis filed a motion with his civil commitment judge requesting that he be allowed to take possession of the television. *Id*., p. 8. On June 17, 2008, Mr. Davis states that he received an Order from the Honorable Judge Ira Uhrig granting his motion as follows:

> The Petitioners motion on electronics purchasing is granted. The state must henceforth allow Petitioner to take possession of the TV purchased from "Circuit City" through Amazon.Com, an authorized vendor, so long as it is in the original, factory sealed packaging. The television mentioned in the motion can be returned from storage, and re-mailed to (R&YD) at the Special Commitment Center. The Petitioner, as to re-shipping and handling, shall incur any expenses.

*Id*., p. 9.

Mr. Davis states that the television he ordered was the same television that the SCC preapproved for residents to buy in December of 2007. *Id*. However, after Defendant Harris

ORDER - 3

inspected the specifications of his television, including pages 10 & 11 of the owners manual explaining the diagrams of the RCA connections, she denied him the use of the television because it has a "caption feature" built in it. *Id*. at 10.

Mr. Davis then filed a second motion with his commitment judge. *Id*. At that hearing, the Attorney General argued that the SCC denied Mr. Davis the use of the television with the capture feature as a person could capture pornographic images off the television and distribute them around the institution. *Id*. In light of that information the Judge found in favor of the state and reversed his earlier order. *Id*.

Mr. Davis filed this complaint, alleging that the Defendants retaliated against him because he complained to his commitment judge that they discriminated against him when they did not allow him to retain a television that is the same type of television owned by other SCC residents and which the Defendants had earlier approved for purchase by SCC residents[1]. Dkt. # 1, p. 9. Mr. Davis alleges that Defendants violated his civil rights, conspired to violate his civil rights, that their conduct was cruel and unusual and that they are liable for the tort of outrage. *Id*., pp. 11-15. Mr. Davis seeks compensatory, punitive, mental anguish and monetary damages. *Id*., p. 16. After reviewing Mr. Davis complaint, the Court finds that, with the exception of his claim of retaliation, Mr. Davis has failed to state a claim for which relief may be granted.

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir.

---

[1]Mr. Davis also alleges that the Defendants were "involved with the IT team in confiscating his computer . . .". *See* Dkt. # 1, ¶ 52, p. 14. Because Mr. Davis makes no mention of a computer in his statement of facts or elsewhere in the complaint, the Court assumes that this reference is in error and that Mr. Davis intended a reference to the television he attempted to purchase.

ORDER - 4

1985), *cert. denied*, 478 U.S. 1020 (1986).

In addition, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also* 28 U.S.C. § 1346(b)(2) (similar provision added to the Federal Tort Claims Act). This provision "requires a showing of physical injury that need not be significant but must be more than *de minimus*." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

**Conspiracy:**

Mr. Davis alleges conspiracy to deprive him of his civil rights in violation of 42 U.S.C. § 1985. However, a § 1985 claim of conspiracy to violate one's constitutional rights must be supported by more than conclusory allegations; a plaintiff must state specific facts to support a claimed conspiracy. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (citing *Coverdell v. DSHS*, 834 F.2d 758, 769 (9th Cir. 1987).[2] Mr. Davis has not alleged facts specific enough to support a claim of conspiracy.

**Equal Protection:**

Mr. Davis alleges that Defendants have violated his Fourteenth Amendment right to equal protection of the laws. The Fourteenth Amendment right to equal protection survives incarceration. *See e.g., Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841 (9th Cir. 1985). To state a claim for a violation of the Equal Protection Clause, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected

---

[2]Mr. Davis also alleges violation of 42 U.S.C. § 1997. However, section 1997 merely sets forth the definitions for the subchapter and does not authorize a cause of action. 42 U.S.C. §1997.

ORDER - 5

class. *Barren v. Harrington*, 152 F.3d 1193, 1994 (9th Cir. 1998); *see also Coakley v. Murphy*, 884 F.2d 1218, 1221-22 (9th Cir. 1989). The discrimination must be "intentional or purposeful," and must be clearly shown. *Grader v. Lynnwood*, 53 Wn.App. 431, 437, 767 F.2d 952 (1989). Where a plaintiff does not allege a violation of a fundamental right or the existence of a suspect classification, prison officials need only show that their policies bear a rational relationship to a legitimate penological interest in order to satisfy the equal protection clause. *See Turner v. Safley*, 482 U.S. 78, 89-90 (1987); *Coakley*, 884 F.2d 1218, 1221-22 (9th Cir. 1989).

Mr. Davis has not alleged that Defendants' actions were undertaken with a purpose to discriminate against him or that he is a member of a protected class. Therefore, he has failed to state a claim for violation of the Fourteenth Amendment under § 1983. He will, however, be given the opportunity to amend this claim, if he is able.

**Outrage:**

Mr. Davis also alleges that Defendants are liable for the tort of outrage. Under Washington law, only conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," supports an outrage claim. *See Reid v. Pierce County*, 961 P.2d 333, 337 (1998) (quoting *Grimsby v. Samson*, 530 P.2d 291, 295 (1975) (citation omitted)). "[T]he trial court must make an initial determination as to whether the conduct may reasonably be regarded as so 'extreme and outrageous' as to warrant a factual determination by the jury." *Jackson v. Peoples Fed. Credit Union*, 25 Wash.App. 81, 604 P.2d 1025, 1028 (1979). When conduct offered to establish outrage is not extreme, "a court must withhold the case from a jury notwithstanding proof of intense emotional suffering. *Brower v. Ackerley*, 88 Wash.App. 87, 943 P.2d 1141, 1149 (1997).

The conduct alleged by Mr. Davis does not give rise to a claim of outrage under Washington law.

**Cruel and Unusual:**

Separate from his state tort claim of outrage, Mr. Davis alleges that Defendants' conduct was cruel and unusual in violation of the Eighth Amendment. *See e.g.,* Dkt. # 1, pp. 13-14.

ORDER - 6

The Eighth Amendment is not a basis for broad prison reform. It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. *Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. at 2400; *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds sub nom., *Bell v. Wolfish*, 441 U.S. 520 (1979). Rather, the Eighth Amendment proscribes the "unnecessary and wanton infliction of pain," which includes those sanctions that are "so totally without penological justification that it results in the gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). See also *Rhodes v. Chapman*, supra, 101 S.Ct. at 2399. This includes not only physical torture, but any punishment incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958). See also *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

In analyzing claims of Eighth Amendment violations, the courts must look at discrete areas of basic human needs. "(A)n institution's obligation under the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981), quoting *Wolfish v. Levi*, supra, 573 F.2d at 125.

The conduct alleged by Mr. Davis does not give rise to a claim for violation of the Eighth Amendment.

**Requested Relief:**

Mr. Davis also asks that the Court grant him compensatory damages for mental or emotional injury suffered without a prior showing of physical injury. As noted above, although mental and emotional distress damages are available as compensatory damages under § 1983, no compensatory damages are to be awarded for the mere deprivation of a constitutional right. *See Carey v. Piphus*, 435 U.S. 247, 264 (1978).

**Conclusion:**

At best, Mr. Davis may be able to state a claim for retaliation, *i.e.*, that after he reported Defendants' conduct to his commitment judge, they acted to deprive him of his property. As to that claim, Mr. Davis must allege that (1) he was retaliated against for exercising his constitutional

ORDER - 7

rights and (2) the retaliatory action does not advance legitimate goals of the correctional institution or is not narrowly tailored to achieve those goals. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985).

Due to the deficiencies described above, the Court finds that dismissal of Mr. Davis' complaint is proper. However, Mr. Davis will be given an opportunity to file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed **no later than February 27, 2009**. Mr. Davis' amended complaint shall consist of a short and plain statement showing that he is entitled to relief. Mr. Davis shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) the dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Mr. Davis alleges is unconstitutional.

Mr. Davis shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Mr. Davis shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint" and Cause Number C08-5751FDB/KLS must be written in the caption**.

Mr. Davis is cautioned that if an amended complaint is not timely filed or if Mr. Davis fails to adequately address the issues raised herein **on or before February 27, 2009**, the Court will recommend dismissal of this action. Once the Court has determined that Mr. Davis has filed an acceptable amended complaint, it will notify Mr. Davis that he may proceed with service of his amended complaint on the named defendants.[3]

---

[3] The clerk's letter of January 7, 2009 notifying Mr. Davis that he must submit copies of his complaint for service was automatically issued without regard to Mr. Davis' filing status. Dkt. # 2.

ORDER - 8

The Clerk is directed to send Mr. Davis the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order, a copy of the General Order, and marshal forms to Mr. Davis.

Dated this 30th day of January, 2009.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

---

As Mr. Davis has paid the filing fee and is not proceeding *informa pauperis* in this matter, it will be his obligation to serve copies of the Summons and Amended Complaint upon the named Defendants.

ORDER - 9