The Honorable FRANKLIN D. BURGESS
US Magistrate Judge KAREN L. STROMBOM

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| DALE P. DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>BRENDA POWERS, CATHI HARRIS, JAMES ANDERSON,<br><br>Defendants. | NO. C08-5751-FDB-KLS<br><br>ORDER FOR ORAL DEPOSITIONS BY NON-STENOGRAPHIC MEANS<br><br>**NOTE ON MOTION CALENDAR: JUNE 25, 2009** |

Plaintiff Dale P. Davis, *pro se*, and Defendants, through undersigned counsel, having jointly moved the Court for entry of an agreed order allowing plaintiff to take depositions upon oral examination by non-stenographic means. Based upon this agreed motion:

(1) IT IS HEREBY ORDERED that the request to take oral depositions by non-stenographic means is granted.

(2) IT IS FURTHER ORDERED that the defendants shall make available a person authorized to administer the oath and swear in the witness. That person may then vacate the deposition. Defense counsel shall operate three tape recorders during the deposition. Defense counsel shall provide three tape recorders to be used during the deposition.

(3) IT IS FURTHER OREDERED that plaintiff shall provide cassette tapes for plaintiff's and the Court's copies of the deposition. Defense counsel shall provide cassette tapes for defendants' own use, or defendants may arrange for stenographic transcription at their expense.

(4) IT IS FURTHER ORDERED that at the end of the deposition, the plastic tab on each cassette tape shall be removed to ensure the tape cannot be recorded over or erased. At the end of the deposition, one copy of the tapes shall be appropriately labeled, sealed in an envelope, and defendants' counsel shall mail the original tape to the court for filing.

(5) IT IS FURTHER ORDERED that plaintiff will deliver to defense counsel a typed deposition transcript within twenty-one (21) days of the date of the deposition. Defense counsel will verify the accuracy of the transcription, and then will deliver the transcript to the deponent, who will be given thirty (30) days to read the transcription and make any corrections. Upon receipt of the corrected transcript from the deponent, plaintiff shall make the corrections and provide a copy to the Court and to defendants' counsel. Any objection to the accuracy of the proffered transcript shall be made to the Court within thirty (30) days after it has been filed with the Court and served upon opposing counsel, unless good cause is shown that additional time is required.

(6) IT IS FURTHER ORDERED that the Court shall rule on any objections, if made, by reviewing the original tape recording of the deposition in its custody, or by such means as it deems appropriate.

(7) IT IS FURTHER ORDERED that the transcript of the deposition, as filed with the Court or as modified by the Court after objections have been made and ruled upon, if any, shall constitute the official record of the deposition for the purpose of trial or subsequent appeal.

(8) IT IS FURTHER ORDERED that should the equipment fail so that portions of the tape are of such poor quality as to render the use of the tape unfair to the interest of

any party, then neither party shall use any part of the tape. *See United States v. Hargro*, 104 F.R.D. 451, 453 (1984).

(9) IT IS FURTHER ORDERED that defendants shall provide an appropriate room in which to conduct the deposition.

The Clerk of the Court is instructed to send uncertified copies of this Order to plaintiff and defense counsel.

DATED this 25th day of June, 2009.

Karen L. Strombom
United States Magistrate Judge