| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

**UNITED STATES DISTRICT COURT**
**WESTERN DISCTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| DALE P. DAVIS, | NO. C08-5751 FDB/KLS |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO AMEND ANSWER |
| v. | |
| BRENDA POWERS, et al., | |
| Defendants. | |

Before the court is Defendants' motion for leave to amend, pursuant to Fed. R. Civ. P. 15(a), their answer to Plaintiff's amended civil rights complaint. Dkt. 43. Plaintiff opposes the motion and seeks sanctions. Dkt. 47. Defendants filed a reply. Dkt. 48. After carefully reviewing the motion and responses and balance of the record, the court finds that leave to amend should be granted.

## DISCUSSION

Plaintiff alleges generally that Defendants wrongfully punished and retaliated against him for filing a complaint against them in Superior Court and complaining to his civil commitment judge, by denying him use of a television ordered for him by his mother, on the false pretense that a "caption device" contained in the television is not allowed in the institution. Dkt. 4, pp. 5-8. Plaintiff further alleged that other residents of SCC were allowed to order and receive the same television with the "caption feature". *Id.*, p. 6, ¶ 26. In

paragraphs 26, 29 and 31, Plaintiff alleged that many residents at SCC owned the same Sylvania flat screen TV with a "caption feature." Dkt. 4, pp. 6-8. In response, Defendants stated as follows:

> 26. Defendants admit that after Mr. Deyman informed defendant Harris that the television did not conform to SCC policy regarding electronics, Ms. Harris indicated that Mr. Davis would not be allowed to keep the television. Defendants are without sufficient information to admit or deny whether other residents have the same television and therefore deny the same.
>
> 29. Defendants deny that they did not follow SCC policies and procedures for purchasing property at the SCC. Defendants are without sufficient information to admit or deny whether other residents have the same television and therefore deny the same. Defendants deny they punished or retaliated against plaintiff for his bringing a motion regarding the television.
>
> 31. Defendants are without sufficient information to admit or deny the first sentence in Paragraph 31 and therefore deny the same. Defendants deny that any actions regarding plaintiff's television were done in retaliation for plaintiff having exercised his right to petition the Court regarding the television issue.

Dkt. 18, pp. 4-5.

Defendants now request leave to amend their answer as to the three allegations contained in ¶¶ 26, 29 and 31, to reflect information defendants "have learned since answering the complaint." Dkt. 43, p. 2. Defendants state that their proposed amendment is not made in bad faith, no delay will result as additional discovery will not be required, and that there is no resulting prejudice as they are merely amending the answer to reflect the correction information. *Id.*

Previously, on October 9, 2009, defendants requested the court to compel Mr. Davis to answer interrogatories relating to the allegations contained in his complaint that other residents of SCC had and were allowed to keep the same television. Dkts. 23 and 28. Defendants argued that this information was critical to their ability to defend themselves because in late June 2009, defendants conducted an inventory of resident televisions demonstrating that no

SCC resident has the same television that is the subject of this suit. Dkt. 23. In their responses to interrogatories, Defendants stated that there were no other residents at SCC possessing the same TV that Plaintiff ordered and was denied. Dkt. 23-2. Defendants made similar statements in their declarations and depositions. Dkts. 26, 27, 29 and 30. Defendants further argued that Plaintiff should be sanctioned and prohibited from supporting his claim that others have the same television. *Id.*, p. 7.

After Mr. Davis reviewed SCC's inventory, he found six televisions similar to the one that was denied him by SCC. Plaintiff brought this to the attention of defense counsel in a letter dated October 30, 2009. Dkt. 47, pp. 12-13.

On November 5, 2009, Defendants moved to withdraw their motion to compel, stating that they "have recently been provided information that substantially changes the necessity of their motion to compel." Dkt. 32. Defendants also moved to correct their reply to the motion to compel (Dkt. 28) and supporting declaration of Brenda Powers (Dkt. 29), stating:

> Subsequent to the filing of defendants' Reply to Motion to Compel (Dkt. 28) and the Declaration of Brenda Powers (Dkt. 29) on November 4, 2009, at the request of defense counsel, Darold Weeks, SCC Chief Investigator, inspected the televisions of six residents (identified pursuant to information provided by plaintiff). *See* Declaration of Darold Weeks at ¶ 2. Four of these residents have televisions that are identical to the television that is the subject of this lawsuit (Sylvania 15" LCD television Model #LC 155SL8P). *Id.* at ¶ 3. Two other residents have televisions that are of the same make and bear the Model #LC 155SL8. *Id.* They are technically the same television except that they have a built-in DVD player. *Id.*
>
> The reply in support of defendants' motion to compel and the supporting declaration of Brenda Powers are factually incorrect in stating that no other residents at SCC possessed the same model television that is the subject of this lawsuit (Dkt. ## 28, 29). The previously filed deposition of Brenda Powers is also incorrect as to that assertion (Dkt. #26).

Dkt. 36, pp. 1-2.  The court granted Defendants' motion to withdraw and to correct the accompanying affidavits.  Dkt. 46.

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires."  Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15-to facilitate decisions on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981).  Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Id.*; see also *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987).

Four factors are relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. See *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). However, these factors are not of equal weight; specifically, delay alone is insufficient ground for denying leave to amend. See *Webb,* 655 F.2d at 980. Futility of amendment, by contrast, can alone justify the denial of a motion for leave to amend. See *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir.1988).  In other words, if the proposed amended complaint cannot withstand a motion to dismiss, it should be denied as futile. See *id*. (citing 3 J. Moore, Moore's Federal Practice § 15.08[4] (2d ed.1974)).

Defendants argue that their request to amend is made "merely to correct their answer since learning new information," and that there is no bad faith, undue delay, resulting prejudice

to plaintiff or futility. Dkt. 48, p. 2. The record reflects that the inventory on which they based their sworn statements has been in their possession since June of 2009, less than a month after they filed their answer. The record reflects that they were advised by Mr. Davis in October 30, 2009 that the inventory supported Mr. Davis's allegations because it reflected that at least six residents had similar televisions. The record also reflects that on November 4, 2009, defense counsel requested an inspection of the televisions belonging to the six residents identified by Mr. Davis. The record is insufficiently developed however, to allow the court to discern whether Defendants' previous sworn statements that their inventory contradicted Mr. Davis' allegations was merely incorrect or was intended to deliberately mislead.

Despite the delay between preparation of the inventory and Defendants' request to amend and the unresolved question of why a later investigation revealed what previous ones had not, the undersigned concludes that Defendants should be allowed to amend their answer to correct their previous representations that they were "without sufficient information to admit or deny" those allegations. The proposed amendment will correct the record to reflect that Defendants admit that SCC allowed other residents to possess the same television. The remaining issues of whether Defendants acted in retaliation by wrongfully denying Plaintiff the same television or the investigation that followed may be more fully explored by the parties in a dispositive motion.

Accordingly, it is **ORDERED**:

(1) Defendants' Motion to Amend their Answer (Dkt. 43) is **GRANTED**.

(2) Plaintiff's Motion for Sanctions (Dkt. 47) is **DENIED.**

DATED this  21st  day of December, 2009.

Karen L. Strombom
United States Magistrate Judge